Charles A. Loreto, J.
An inconsistency in practice regarding publication of summons in a matrimonial action in Bronx County impels the court to look into its reason and justice.
On the same day these two undefended matrimonial actions came before the court; in the first there was proof of one publication, and in the second, there was proof of two publications.
The grounds and procedure for actions of annulment of marriage, divorce and separation are matters within the exclusive domain of the State sovereignty. Although in various areas of the world the subject is still governed by tribal or communal practice, in our society it is not within the competence and governance of political subdivisions of the State. Of course, the State Legislature may delegate to or confer, upon a political unit within the State, procedural jurisdiction in matrimonial actions.
This seems to be the effect for Bronx 'County of section 907 of the County Law, which reads: “ Every citation, order, proclamation, summons or notice, except a notice required to be published by the provisions ¡of the public lands law, which is required by any provision of law to be published in any newspaper published in a county shall, where such publication is required or ordered in Bronx County, be published in at least two newspapers published within such county. No publication shall be deemed a compliance with any law requiring it unless such publication shall have been made in at least two such newspapers.”
Section 3 of article 1 of the County Law states the powers of a county: ‘ ‘ Definition of a county. A county is a municipal corporation comprising the inhabitants within its boundaries and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as may be imposed or conferred upon it by law.”
Whatever interpretation has previously been ascribed to it, section 907 of the County Law, now, in view of the later and recent amendment of section 232 of the Domestic Relations Law, and CPLR316 (subd. [a]), both authorizing but one publication, it is clear to this court, applying recognized principles of statutory construction, that it is no longer tenable to declare it applies to matrimonial actions. It would be repugnant to the purpose ¡and policy of the recent enactments requiring one *429 publication, to hold two publications are mandated in order to acquire jurisdiction over the defendant in a matrimonial action instituted in Bronx County.
Whatever interest the county may have in an assurance that its resident (past or present) will receive adequate notice of the institution of such .suit, this is covered by the provisions of the CPLR. and Domestic Relations Law, which authorize such publication “ as most likely (will) give notice to the person to be served.” The Legislature left this to judicial discretion and direction.
The legislative intent was to eliminate the expense and burden of duplicative publication, whether the litigant has means or is indigent, recognizing in the latter case that both the attorney’s fee and publication costs become a public charge.
A second publication in the second action was not necessary.